UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ryan Karr, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>John F. Kerry, Secretary of State, )<br>)<br>    Defendant. ) | Case: 1:14-cv-02099<br>Assigned To : Unassigned<br>Assign. Date : 12/12/2014<br>Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a resident of Santa Monica, California. Alleging that he contributed to the capture of Osama bin Laden, plaintiff "seeks to compel the Secretary of State to at the very least review and consider his claim [for remuneration from the Rewards for Justice Program] and conclude . . . that he made a positive impact in the search, capture and elimination of bin Laden." Compl. ¶ 4. Plaintiff claims "that there are several incredibly strong indications stemming from the mission reports generated by the members of the team that eliminated bin Laden that [the] intelligence [he] provided . . . to both the USAF and the Office of Special Investigations . . . [made] its way into Operation Gernonimo[.]" *Id.* ¶ 18.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. §1361. Plaintiff bears a heavy burden of showing that his right to a writ of mandamus is

1

"clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

The Rewards for Justice Program is administered by the Department of State, and the Secretary of State has "the sole discretion" to pay a reward, subject only to consultation with the Attorney General. 22 U.S.C. § 2708(b). The Secretary's decision is "final and conclusive and shall not be subject to judicial review." *Id.*, § 2708(j); *see Heard v. U.S. Dep't of State*, No. 08-02123, 2010 WL 3700184, at *3-4 (D.D.C. Sept. 17, 2010) (dismissing rewards program claim for want of subject matter jurisdiction). Plaintiff "acknowledges that the prosecution of a Rewards for Justice claim does not provide for judicial review[.]" Compl. ¶ 20. In the absence of jurisdiction, the Court cannot grant his "simple" request "for someone in the State Department to listen" to his dubious claims. *Id.* ¶ 22; *see id.* ¶¶ 5-19 (Statement of Facts). A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

DATE: December 5, 2014